Filed 8/17/16  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068359 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS275293) |
| DANIEL ROBERTO FLORES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Gary G. Haehnle, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Quisteen S. Shum and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Roberto Flores entered a guilty plea to one count of attempted murder in which he slit the victim's throat with a straight razor. (Pen. Code,[1] §§ 664, 187.) Flores admitted he used a deadly weapon in the commission of the offense. (§ 12022, subd. (b)(1).) The allegation of the commission of great bodily injury was dismissed as part of the plea agreement. The court sentenced Flores to a 10-year term consisting of a nine-year upper term for the offense plus one year for the weapon.

Flores appeals challenging only his sentence. Flores contends the court abused its discretion in selecting the upper term. Flores recognizes trial counsel did not object to the trial court's statement of reasons for selecting the upper term and that such failure amounts to a forfeiture of the issue on appeal. Predictably, appellate counsel contends the trial court's reasons were not supported by the record and thus trial counsel provided ineffective assistance. Based on our review of the record we will find the trial court acted well within its discretion in selecting the upper term. The trial court did err in using the weapon use as an aggravating factor, since it served as the basis of the section 12022, subdivision (b)(1) enhancement. We conclude, however, the error was harmless given the number of otherwise valid factors in aggravation. Finally, we will find Flores has not met his burden of establishing ineffective assistance of counsel. Accordingly, we will affirm the judgment and sentence.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

STATEMENT OF FACTS

Since this appeal arises from a guilty plea we will provide only a brief summary of facts taken from the probation officer's report.

In the afternoon of October 13, 2014, Flores was working as a barber. He was providing a haircut and beard trimming to the victim in this case. Suddenly, and without warning, Flores sliced the victim's throat with a straight razor.

When Flores was apprehended, he was asked why he cut the victim's throat. Flores said: "For being dumb. What the hell, judging me and disrespecting me. I don't like being played a fool. Sorry Tim [the victim]."

DISCUSSION

Flores challenges the sentence imposed by the trial court. He contends the court erred in imposing the upper term for the offense instead of the middle term. Essentially, Flores argues the trial court failed to treat Flores's mental condition as a factor in mitigation of sentence. He further argues the court erred in its selection and weighing of the factors in aggravation. The defense did not object to the trial court's sentencing decision or any of the reasons on which it was based.

A. Background

The parties filed statements in mitigation and aggravation in the trial court. The defense material contained statements from two mental health experts. One was from a doctor appointed to evaluate Flores for competency to stand trial. The second was a doctor retained by the defense to write a report for sentencing. The trial court read and considered all of the submissions and the probation officer's report.

3

In making its sentencing decision, the trial court found the defendant's lack of criminal record and early admission of guilt to be factors in mitigation. The court, however, did not find the mental health reports presented any evidence mitigating the crime. The court acknowledged Flores had mental issues, but did not find his mental condition to be a mitigating factor.

The court found aggravating factors to include the infliction of great bodily injury on the victim, that the victim was particularly vulnerable, that Flores fled without attempting to help the victim, and that Flores is a danger to society. Flores does not challenge the validity of the listed factors in aggravation. The court did, however, improperly use the fact the defendant was armed with a weapon as a factor in aggravation. Flores contends, and the People properly concede, the court could not use the weapon as an aggravating factor since the court imposed an additional term of one year for the weapon enhancement. Although the People concede the error with regard to the use of the weapon, they contend the error was harmless in light of the remaining, valid factors in aggravation.

The People have briefly commented on the failure to object to the trial judge's sentencing choices. Ordinarily one cannot raise an alleged error in the selection of a sentence on appeal without first making a timely objection in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 348-353.) However, forfeiture was not listed by the People as a basis for affirming the sentence and was only briefly referenced. We find it unnecessary to address the forfeiture issue further and will proceed to address the merits of the appeal.

4

## B. Legal Principles

A trial court has broad discretionary powers in the sentencing process. The court's choices of aggravating and mitigating factors, as well as the qualitative weighing of such factors is a matter within the trial court's discretion. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) We review the trial court's sentencing choices under the abuse of discretion standard. Under that standard we will not overturn a trial court's sentencing choice absent a showing of clear legal error or a manifest abuse of discretion. We may not substitute our evaluation of the sentencing choices for that of the trial court. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

The trial court has the authority to determine what are mitigating and aggravating factors and to determine the weight to be given to them. (*People v. Avalos, supra*, 47 Cal.App.4th at pp. 1582-1583.) A single, valid factor in aggravation is sufficient to support an upper term sentence. (*People v. Castellano* (1983) 140 Cal.App.3d 608, 615.)

## C. Analysis

At the sentencing hearing the trial judge explained his views on the psychiatric evaluations offered in mitigation of the sentence. After reviewing all of the mental health reports the court found they did not present evidence which mitigated the defendant's culpability in this case. The court said in part:

> "The Court: When I look at everything that has been supplied to the Court in the way of mitigants [sic], I find two: no prior record and early acknowledgment of wrongdoing in the criminal process.
>
> "I disagree, and the reason why I don't agree with probation and defense that says that the defendant was suffering from a mental condition that significantly reduced his culpability of the crime. I

5

cannot find that as a circumstance in mitigation. And the reason being, I read Dr. Naimark's report and I read Dr. Carroll's report. Everybody says that, yes, there are some mental illness or hints of mental illness in Mr. Flores, but nobody, no doctor or Mr. Flores, indicates that the mental illness is a cause for this offense.

"He was suffering from no auditory or visual hallucinations. He never said anything about how he was afraid Mr. Vaughn was going to attack him, that there was any other reason to be paranoid or afraid to act out in some self-defense issue when he did this. There is nothing to indicate at all that the reason for this was due to any of his mental illnesses that the doctors have looked at.

"And so I cannot find that as a statement in mitigation because there is no support for it in the information that I have been given and read and considered for today."

The court also stated that it meticulously examined the mental health reports concerning appellant and found nothing about appellant's schizophrenia being the cause of or contributing to his attack upon the victim:

"The Court: I looked -- I looked in the psychological reports. I looked to see if there was any information that could connect the mental illness to this crime, and I have -- there's just nothing there. I just don't see it."

The record supports the trial judge's analysis. Neither of the doctor's reports explained how any mental impairment Flores suffered impacted the commission of the crime. The first report was for the purposes of determining competency to stand trial. That doctor observed that Flores could not explain why he attacked the victim "other than for [Flores] to infer mental health decompensation at the time."

The probation officer, however, apparently believed that the mental health issues experienced by Flores impacted his culpability. The probation officer did not have any information that Flores was experiencing a psychotic episode at the time of the offense,

6

but surmised he had done so because Flores had experienced such episodes in the past. The trial court did not accept the probation officer's opinion as to the mitigating nature of the mental health issues.

The remaining doctor analyzed the defendant's background and mental health history. The doctor discussed whether the defendant was amenable to treatment, if he remained drug and alcohol free. That doctor did not offer an opinion that the defendant's mental condition reduced his culpability for the current offense.

It is not our task to reweigh the factors in aggravation and mitigation, that is the province of the trial court. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) Instead, we are limited to determining whether the sentencing decision is irrational or arbitrary. (*Id.* at pp. 376-377.)

It is possible that different judges might have weighed the mitigating nature of the mental health evidence differently. That reality, however, only illustrates the discretionary nature of the sentencing process in this case. We cannot say the trial court erred in its weighing and evaluation of the material offered in mitigation.

Turning then to the factors in aggravation, the only factor disputed by Flores is the trial court's reliance on the use of a weapon. As the People correctly concede, the court could not use the fact of weapon use as a factor in aggravation and still impose the one-year enhancement. (*People v. Forster* (1994) 29 Cal.App.4th 1746, 1758.) Recognizing the trial court erred, the question presented is whether the error requires resentencing. We conclude it does not.

Here there are four factors in aggravation found by the court, including the infliction of great bodily injury, which are not disputed. As we have noted, a single, valid factor in aggravation can support an upper term sentence. (*People v. Castellano, supra*, 140 Cal.App.3d at p. 615.) Given the comments of the trial judge, the serious nature of the offense and the grievous harm inflicted on the victim, we are satisfied it is not reasonably probable that a different sentence would have been imposed in the absence of the error.

### D. Ineffective Assistance of Counsel

Finally, Flores asserts defense counsel was constitutionally ineffective for failing to object to the judge's sentencing decision. Flores has not carried his burden to establish ineffective assistance.

First, we have not applied forfeiture, thus counsel's failure to object has not disadvantaged Flores. His arguments regarding sentencing have been evaluated on the merits, and rejected by this court.

Where a defendant seeks to overturn a conviction based on ineffective assistance of counsel, the defendant has the burden to show not only that counsel's conduct was below the standard of care, but also that the defendant was prejudiced. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) In order to establish prejudice under the *Strickland* standard, the defendant must demonstrate a reasonable likelihood that a different result would have occurred in the absence of the alleged error. (*Id.* at pp. 687-688, 694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) Flores has not even come close to establishing prejudice.

As we have indicated, the failure to object has not worked a forfeiture. Further, even if there had been a timely objection to the invalid factor, there were four valid factors in aggravation, and the court did not credit the mental health condition as a factor in mitigation. The failure to timely object to the single invalid factor in aggravation has not caused Flores any prejudice.

In the absence of a showing of prejudice under *Strickland, supra,* 466 U.S. 668, we do not need to address the question of whether defense counsel's failure to object was inadequate performance.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.

9